**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RANDALL BINGHAM, | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:08-CV-246 (CAR) |
| VS. | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Warden CYNTHIA NELSON, *et al.*, | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **RANDALL BINGHAM**, currently an inmate at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has paid the initial partial filing fee of $11.66. Plaintiff is obligated to pay the unpaid balance of $338.34 in monthly amounts as described later in this order and recommendation.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

In his initial complaint, plaintiff Bingham asserted claims arising out of events occurring at Rutledge, Central, and Autry State Prisons. The Court instructed plaintiff that in this action he must limit his claims to a single prison and that he could file separate lawsuits for his claims relating to other prisons. Plaintiff was given two opportunities to recast his complaint in order to clarify ambiguous factual allegations. He has elected to pursue his claims arising out of his July, 2007 to June, 2008 confinement at CENTRAL STATE PRISON ("Central") in this lawsuit. Although certain allegations remain ambiguous, based on plaintiff's SECOND RECAST COMPLAINT (Tab # 17), the Court finds the following.

### A. *Failure to Protect*

Plaintiff Bingham alleges that on March 11, 2008, fellow inmate Mario Drake attacked him, rendering him unconscious. According to plaintiff, he informed defendant Counselors CHRISTOPHER SUBER and JAMIE TILLET the day of the assault that Drake was threatening to kill plaintiff. Plaintiff allegedly asked to be moved out of his unit, but his request was ignored. Approximately three weeks after the initial assault, on April 3, 2008, Drake attacked plaintiff with a large rock Drake apparently found in a fish pond in front of the Central Security Office. According to plaintiff Bingham, the second assault lasted more than five minutes and he suffered injuries to his head, back, neck, and fingers. Plaintiff claims that his fingers were broken and no longer function properly, that some of his teeth were knocked loose, and that he still cannot walk without pain.

Plaintiff appears to complain that (1) Central State Prison is understaffed due to budget cuts by former Georgia Department of Corrections Commissioner James Donald (apparently no guards were present during either assault); (2) defendants Warden Cynthia Nelson, Deputy Warden William Powell, Deputy Warden Arthur Gordon, Chief of Security Donald Jones, and Mental Health Director Daniella B. Holmes knew of plaintiff's concerns, knew Drake had a "serious mental illness," yet these defendants failed to separate plaintiff and Drake after they were released from segregation following the March 11th attack or place plaintiff in protective custody; (3) defendants Nelson, Powell, and Jones, all black officials, denied plaintiff proper security because of plaintiff's race (white) and Drake's race (black); and, (4) defendants Donald and Nelson were deliberately indifferent to the danger presented by having large rocks inside the prison, accessible to prisoners.

Construing plaintiff's allegations liberally in his favor as this Court is required to do, the Court cannot determine at this stage that plaintiff's complaint against Christopher Suber, Jamie Tillet, James Donald, Cynthia Nelson, William Powell, Arthur Gordon, Donald Jones, and Daniella B. Holmes, is completely frivolous. Accordingly, plaintiff's claims against these defendants will be allowed to go forward.[1]

### B. Denial of Medical and Dental Care

Plaintiff alleges that he was denied appropriate medical and dental treatment following both attacks and names as responsible defendants Medical Administrator Joan Newman and Nurse Denise Bickford. He claims that he was merely given a band-aid following one of the assaults and was told that nothing could be done for his broken fingers. Plaintiff further claims that following the second assault, he asked Nurse Bickford for treatment, but she yelled at plaintiff, gave him an aspirin, and refused to let him see a doctor. Lastly, plaintiff claims he was denied dental care to remove teeth knocked loose in the assault(s). In light of the foregoing, the Court will allow plaintiff's medical and dental claims to go forward against defendants Joan Newman and Denise Bickford.

---

[1] On December 11, 2008, this Court received plaintiff's "Motion to Inform the Court of Defendants' Reckless Disregard for Plaintiff's Safety by Failing to Act Reasonably in Response to Danger" (Tab # 25). In his motion, plaintiff complains that Central State Prison officials have transferred plaintiff's attacker, Mario Drake, to Autry State Prison. On December 24, 2008, plaintiff was transferred from Autry to Johnson State Prison. Plaintiff has not alleged that he was harmed by Drake at Autry and it appears that plaintiff is no longer in danger. His motion is therefore **DENIED** as moot.

### *C. Medical Co-Pay*

Plaintiff contends that the defendants wrongfully charged plaintiff a $5.00 medical co-pay fee. This allegation does not state a claim for relief. There is no "general constitutional right to free health care." ***Reynolds v. Wagner***, 128 F.3d 166, 173 (3d Cir. 1997); ***accord City of Revere v. Massachusetts Gen. Hosp.***, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him."). Although plaintiff cannot be denied health care based upon his inability to pay, plaintiff makes no allegation that he is unable to pay and, therefore, the imposition of a $5.00 co-payment is not prohibited. ***Reynolds***, 128 F.3d at 173. This claim must be **DISMISSED** as frivolous. **IT IS SO RECOMMENDED**.

### *D. Criminal Charges*

Plaintiff asks that Drake be charged with criminal assault. Plaintiff, however, has no constitutional right to have Drake prosecuted. ***See Oliver v. Collins***, 904 F.2d 278, 281 (5th Cir.1990) ("The decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability."). Having criminal charges brought against Drake is thus not available to plaintiff as relief under section 1983. Consequently, **IT IS RECOMMENDED** that this claim be **DISMISSED** as frivolous.

### *E. Segregation*

Following the second assault, plaintiff was placed in segregation for fighting, apparently without a disciplinary hearing and was denied mental health treatment while confined. He remained in segregation until his June 5, 2008 transfer from Central to Autry State Prison. He alleges that the defendants responsible for the alleged constitutional violations were defendants Cynthia Nelson, Daniella B. Holmes, Jamie Tillet, and Arthur Gordon. Although each defendant's involvement in this claims is not clear, the Court will allow said claim to proceed against Nelson, Holmes, Tillet, and Gordon for further factual development.

### *F. Gym Shoes*

Plaintiff alleges a Sergeant Basley told plaintiff "he gave my new gym shoes to another inmate because [plaintiff] got his best worker who worked for him in trouble which is Mario Drake." Even assuming the facts as alleged by plaintiff are true, neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available. ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984); ***Daniels v. Williams***, 474 U.S. 327, 328 (1986). Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. See O.C.G.A. § 51-10-1; ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Such a cause of action still remains available to plaintiff.[2] Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights. Consequently, **IT IS RECOMMENDED** that this claim be **DISMISSED** as frivolous.

### *G. Denial of Legal Evidence*

Plaintiff complains that defendants Cynthia Nelson and Captain Jones confiscated from plaintiff a DVD or CD, which was "legal evidence" in another of plaintiff's civil actions. Plaintiff has previously complained about this issue in a motion entitled "Motion to Order Warden Nelson to Return Seized Property Confiscated" (Tab # 21). In an order dated November 18, 2008, the Court addressed the merits of this motion in detail and denied plaintiff's motion (Tab # 22). The Court will not reconsider this issue. Accordingly, **IT IS RECOMMENDED** that this claim be **DISMISSED** as frivolous.

---

[2] O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."

### *H. Over-Pricing at the Inmate Store*

Plaintiff claims that the prices charged for tobacco and coffee at the inmate store at Central are above market prices and amount to extortion. Plaintiff further alleges that the defendants engaged in price-fixing, monopolistic activity, and that the prices of items sold in the inmate store at Central exceed prices in the free world. Prisoners have no constitutional right to purchase items sold in the prison store at certain prices and states are immune from federal antitrust law for their actions as sovereigns. *See Parker v. Brown*, 317 U.S. 341 (1943); *Bagwell v.* Brewington-Carr, 2000 WL 1239960 (D. Del. 2000); *Chapdelaine v. Keller*, 1998 WL 357350, *14 (N.D.N.Y.1998). Given that Georgia, through its Department of Corrections, is the actor responsible for the alleged anti-competitive conduct by operating its prison store, and given the state's strong interest in the regulation and management of its penal institutions, plaintiff's over-pricing claim is frivolous.

In light of the foregoing, IT IS **RECOMMENDED** that the above claim be **DISMISSED** as frivolous.

### *I. Retaliatory Transfer*

Plaintiff alleges that in June 2008 defendants Cynthia Nelson, William Powell, and Donald Jones retaliated against plaintiff when they transferred plaintiff from Central to Autry State Prison. Merely making the conclusory allegation that retaliation occurred is not sufficient for stating a constitutional claim under section 1983. *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985). Instead, a complaint must contain a chronology of events sufficient to infer that the retaliation actually occurred. *Id.* Here, plaintiff has alleged no chronology of events which would indicate that the above defendants unconstitutionally retaliated against plaintiff for the exercise of any of his constitutionally protected rights. Accordingly, **IT IS RECOMMENDED** that this claim be **DISMISSED**.

### J. Grievance Claims

Plaintiff complains about the mishandling of his grievances regarding the above described assaults. Plaintiff has not, however, presented any allegations of how he might have been harmed by the mishandling of his grievances. In any event, the Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. **Dunn v. Martin**, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Consequently, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983**. IT IS RECOMMENDED**, therefore, that this claim be **DISMISSED**.

### K. John Doe Defendants

To the extent plaintiff seeks to sue John Doe C.E.R.T. Officers for various wrongs, plaintiff is advised that this Court has no way of knowing the name of the officers in order to perfect service of process. Therefore, <u>NO SERVICE</u> will be attempted and said officers and **IT IS RECOMMENDED** that they be **DISMISSED** *without prejudice* to the rights of the plaintiff to file an amended complaint should he subsequently discover their identities. Plaintiff is advised that if he wishes to later replace the unknown officers with specifically named defendants, he must do so before the applicable statute of limitations expires. Plaintiff is further advised that if he wishes to proceed against these officers, he must allege the actions or omissions of each defendant which violated plaintiff's constitutional rights.

### L. Other Claims

Plaintiff summarily raises a number of additional claims without any specific factual allegations, in which he fails to link the alleged deprivation to conduct of particular Central defendants. The Court has considered these additional claims and concludes that without more detailed allegations these claims should not be allowed to go forward. Accordingly, **IT IS RECOMMENDED** that all additional claims raised in plaintiff's recast complaint, but not specifically addressed above, be **DISMISSED** *without prejudice* for plaintiff to later amend his complaint.

### III. CONCLUSION

In summary, **IT IS RECOMMENDED** that plaintiff's allegations regarding the medical co-pay, criminal charges, gym shoes, denial of legal evidence, over-pricing at the inmate store, retaliatory transfer, and grievances be **DISMISSED** from this action. **Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served a copy of this order.**

The only claims which should remain in this lawsuit are plaintiff's allegations concerning failure to protect, denial of medical and dental care, and placement in segregation, and the only defendants who should remain are Christopher Suber, Jamie Tillet, James Donald, Cynthia Nelson, William Powell, Arthur Gordon, Donald Jones, Daniella B. Holmes, Joan Newman, and Denise Bickford.

### SERVICE

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendants Christopher Suber, Jamie Tillet, James Donald, Cynthia Nelson, William Powell, Arthur Gordon, Donald Jones, Daniella B. Holmes, Joan Newman, and Denise Bickford, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞  After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 6th day of FEBRUARY, 2009.



/s/ Claude W. Hicks, Jr.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

## ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.