IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDALL BINGHAM<br><br>                Plaintiff<br><br>VS.<br><br>JAMES DONALD, *et al.,*<br><br>                Defendants | NO.  5:08-CV-246 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# O R D E R

Before the court is plaintiff Randall Bingham's MOTION FOR A MORE DEFINITE STATEMENT / MOTION FOR PROTECTIVE ORDER (TAB #42) and his MOTION FOR PROTECTIVE ORDER / MOTION FOR SANCTIONS (TAB #46).  In the first motion, the plaintiff Bingham complains that, at the direction of Assistant Attorney General Mathews Boyer, he was intimidated by prison officials to, and ultimately did, sign a medical release allowing the Georgia Department of Corrections to release his medical records to Mr. Boyer.  Plaintiff Bingham contends that the tactics involved and the request for records itself were in violation of the undersigned's order (Tab #28) precluding discovery until after an answer or dispositive motion had been filed by the defendants.  In addition, and after confessing that he is not familiar with the rules of civil procedure or the law in general, plaintiff Bingham seeks an order from the court clarifying whether discovery in this case has begun as well as an order protecting him from "this abuse" by the defendants.

In his second motion, after renewing his complaint about Mr. Boyer's request, plaintiff Bingham complains about a separate request that he sign a medical release made by counsel for defendant Tillet.[1]  In addition to these concerns, plaintiff Bingham asserts that (1) he has not been allowed to view or copy his medical records, and (2) the prison's limited provision of postal stamps, paper, and pens, frequency of sending out mail from indigent inmates, and the prison's rule requiring indigent inmates to pay for photocopies are unconstitutional and will prevent him from being able to properly litigate his claims.  Finally, the plaintiff states that he "cannot even get [free] copies of the grievances [originals are in his possession] filed at Central S.P. against defendants" so that he may provide them to the court.

---

[1] It should be noted that defendant Tillet is the only defendant remaining in the case that is represented by private counsel - Ms. Deana Simon Johnson of Insley and Race, LLC.

Based upon these claims, plaintiff Bingham seeks the following relief: (1) a protective order barring the defendants from seeking any further discovery, (2) an order imposing sanctions, including fines, upon the defendants based upon their alleged discovery abuses, (3) an order requiring plaintiff's custodian to allow the plaintiff a single five hour session to examine his medical records, make notes therefrom, and determine what forms and papers he will need copies of in order to support his claims, (4) an order requiring prison officials to make free photocopies of certain grievances in the plaintiff's possession so that the copies can be submitted to the court, (5) an order scheduling a "video camera hearing or some kind of pre-discovery conference" to "settle some discovery disputes that place plaintiff at a disadvantage in his civil actions," and finally (6) an order allowing " a telephone deposition against defendants at Central State Prison."

With regard to plaintiff's request for clarification as to the commencement of discovery contained in his first motion, as plaintiff himself has discerned, discovery commences at the time an answer or other dispositive motion is filed. Because a dispositive motion has been filed in the case (Tab #44), discovery has commenced. With regard to plaintiff's other claims, and at the outset, complaints about the prison's legal mail policy, the amount of writing paper, postage stamps, and other stationery supplies that he is provided, as well as the prison policy not to provide indigent inmates with free photocopies, are all issues which the plaintiff raised in an earlier motion (Tab #31) and upon which the undersigned has already ruled (Tab #34). As noted in the court's previous order, the prison's indigent mail, copy, and stationery policies appear to fully comport with constitutional requirements and have not yet prevented or interfered to date with the plaintiff's ability to prosecute his case or comply with the rules of procedure or the court's orders. If and when the plaintiff can show that the aforementioned policies have interfered with his right of access to the courts, the undersigned will address the issue. Accordingly, and to the extent that plaintiff seeks relief with regard to any of these issues, such requests are **DENIED**.

With regard to the plaintiff Bingham's claim that he has been denied the opportunity to review his medical records, it does not appear to the undersigned that the defendants have made any response to this claim. Accordingly, and because affording plaintiff such an opportunity is fair and appropriate under the circumstances, his request to examine his medical records is **GRANTED**. As such, the undersigned hereby **ORDERS** that, **WITHIN TEN DAYS** of receipt of the instant order, plaintiff's current custodian allow plaintiff to view his medical records for a single period lasting no less than five hours as per his request.

Furthermore, the undersigned **ORDERS** the plaintiff's custodian to permit plaintiff Bingham to make notes and/or prepare hand written copies of any part of the aforesaid medical records during this examination period. Plaintiff's custodian shall also promptly provide the plaintiff with photocopies of any portion of the records which plaintiff desires, PROVIDED HOWEVER, that plaintiff Bingham pays the customary per page rate for the copies at the time of his request.

With respect to the plaintiff's requests for a protective order and the imposition of sanctions, said requests are **DENIED**. Because plaintiff Bingham has placed his mental and physical well being and injury into question in this action, the defendants are entitled to review the plaintiff's medical and mental health records in order to make a determination as to the extent and validity of plaintiff's claims and alleged damages. Regarding plaintiff's Bingham's averment that the defendants' requests for these records were premature, the undersigned agrees. While it is not clear that the such a request can be properly classified as discovery as the term was used in the undersigned order of February 6, 2009, it is the position of the undersigned that in the context of claims arising under 28 U.S.C. § 1983 which involve *pro se* inmate plaintiffs, such a request is properly made *after* the filing of an answer or dispositive motion. In any event, the plaintiff has not shown, nor does the record indicate, that he is entitled to a protective order or that any conduct on the part of the defendants requires the imposition of sanctions. In view of the above, the undersigned also concludes that it is unnecessary to convene a "video camera hearing or some kind of pre-discovery conference" at this time. As such, plaintiff's request for such a proceeding is **DENIED**.

Finally, and with respect to the plaintiff's request for an order allowing the telephonic deposition of those defendants who are employed at Central State Prison, the undersigned must reserve its ruling on this issue until such time that the court has entered a decision on the pending MOTION TO DISMISS filed by defendants Christopher Suber, Arthur Gordon, Donald Jones, Joan Newman, Denise Bickford, William Powell, Daniella B Holmes, Ryan Tindel, James Donald, and Cynthia Nelson. Obviously, the burden of and complexity involved in arranging telephonic depositions of these defendants may or may not be necessary depending upon the court's decision on the aforementioned motion.

In conclusion, plaintiff Bingham's MOTION FOR A MORE DEFINITE STATEMENT / MOTION FOR PROTECTIVE ORDER is **DENIED**, and his MOTION FOR PROTECTIVE ORDER / MOTION FOR SANCTIONS is also **DENIED** with the limited exceptions of the plaintiff's request to view and make notes from his medical records which the court has **GRANTED,** and the plaintiff's request for permission to conduct a telephonic deposition upon which the court has reserved ruling.

In addition to the customary service of this order upon the parties, the clerk is directed to serve a copy of this order upon the plaintiff's present custodian believed by the undersigned to be the Warden of Johnson State Prison located in Wrightsville, GA.

**SO ORDERED** this 27th day of APRIL, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE