UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RANDALL BINGHAM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | 5:08-CV-246 (CAR) |
| | : | |
| Warden **CYNTHIA NELSON** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

_____

*ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Currently before the Court is Plaintiff Randall Bingham's *pro se* Motion for Reconsideration to Allow Constitutional Challenge about State Grievance System [Doc. 93].  In the Motion, Plaintiff, currently an inmate at Johnson State Prison in Wrightsville, Georgia, asks the Court to reconsider the portion of its Order adopting the Report and Recommendation of United States Magistrate Claude W. Hicks, Jr. and dismissing Plaintiff's constitutional claim regarding the prison's grievance procedure.  As previously explained by the Magistrate Judge, however, the law is clear that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.  See Thomas v. Warner, 237 Fed. Appx. 435, 437 (11th Cir. 2007) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), and Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)).  Thus, Plaintiff's Motion is **DENIED**.

In the interests of judicial efficiency and finality of decisions, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Groover v. Michelin North America, Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000).  This Court's Local Rule 7.6 provides that motions for reconsideration should not be filed as a matter of routine practice, but

only when "absolutely necessary."  Reconsideration is appropriate "only if the movant demonstrates [1] that there has been an intervening change in the law, [2] that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or [3] that the court made a clear error of law."  McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  McCoy, 966 F. Supp. at 1223.

     Plaintiff's Motion for Reconsideration raises no relevant legal or factual issues that were not previously considered by the Magistrate Judge's Report and Recommendation and this Court's Order.   Moreover, Plaintiff has alleged no intervening change in the law, has presented no new evidence previously unavailable to the parties, and the Court is not persuaded that its original finding was erroneous.  Thus, Plaintiff's Motion for Reconsideration [Doc. 93] is **DENIED**.

     **SO ORDERED**, this 21st day of January, 2010.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT
                                            MIDDLE DISTRICT OF GEORGIA

SSH