IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDALL BINGHAM,<br><br>                    Plaintiff<br>VS.<br><br>JAMES DONALD, *et al.*,<br><br>                    Defendants | NO.  5:08-CV-246 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff Randall Bingham filed the instant 42 U.S.C. § 1983 Complaint alleging that the defendants failed to protect him from an attack by another inmate and were deliberately indifferent to his serious medical needs. Tab #1. In response to the Complaint, the defendants filed motions seeking dismissal. Tab #44 and Tab #57. Therein, the defendants contend that this action should be dismissed because, *inter alia*, plaintiff Bingham failed to exhaust his available administrative remedies. Plaintiff Bingham has filed several responses to the defendants' motions (Tab #48, Tab #56, Tab #61, and Tab #66) to which the defendants have replied (Tab #50 and Tab #68). The motions are now ripe for review.

### LEGAL STANDARDS

#### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a).  The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate.  *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

**DISCUSSION AND CONCLUSION**

As noted above, the defendants have raised the affirmative defense of failure to exhaust administrative remedies.  In support, they have submitted the affidavit of Grievance Coordinator Christopher Suber, the Georgia Department of Correction Statewide Grievance Procedures, plaintiff Bingham's grievance records, and a copy of a grievance filed by plaintiff Bingham.  A careful review of these documents reveals that plaintiff Bingham has failed to properly and/or completely exhaust either of the claims alleged in the instant action.  In his response, and despite his submission of *numerous* related though ultimately irrelevant exhibits, plaintiff Bingham has failed to overcome the defendant's argument.

Accordingly, the undersigned must conclude that plaintiff Bingham failed to exhaust his available administrative remedies prior to filing the instant action.  For this reason,  his case is not properly before the court and should therefore be **DISMISSED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Also before the court is a motion seeking appointment of counsel filed by plaintiff Bingham. Tab #108. In this motion, the plaintiff asserts that he has new evidence related to his alleged attempts to exhaust his administrative remedies as to the instant claims. A review of this motion and its attachments do not, however, reveal that the plaintiff exhausted his administrative remedies as to the instant claims. Accordingly, and in view of the above recommendation to dismiss this action, the plaintiff's motion seeking appointed counsel is **DENIED**.

**SO ORDERED AND RECOMMENDED,** this 2nd day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE