IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RANDALL BINGHAM, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:08-cv-246 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| JAMES DONALD, et al., | : | |
| | : | |
| Defendants. | : | |
_____

*ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 111] to grant Defendants' Motions to Dismiss [Docs. 44 and 57] and dismiss Plaintiff's case without prejudice for Plaintiff's failure to exhaust administrative remedies. Plaintiff has filed an Objection [Doc. 112] to the Recommendation. Having considered Plaintiff's objections and having investigated those matters *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge that Defendants' Motions should be granted, and this case should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

Plaintiff's claims in this case stem from purported assaults he received at the

hands of a fellow inmate. After a 28 U.S.C. § 1915(e)(2) frivolity review, the Court narrowed Plaintiff's claims to those currently under review against Defendants for their alleged failure to protect Plaintiff from assault and their denial of medical and dental care while Plaintiff was incarcerated at Central State Prison. Upon review of Defendants' Motions to Dismiss, the Magistrate Judge entered a Recommendation to dismiss these remaining claims due to Plaintiff's failure to exhaust his administrative remedies.

Despite Plaintiff's contentions otherwise, the uncontroverted evidence on Plaintiff's grievance history establishes that Plaintiff has not exhausted his administrative remedies. Of the seven formal grievances Plaintiff filed since being incarcerated with the Georgia Department of Corrections (GDOC), only one was filed at Central State Prison. Not only was that grievance not fully exhausted because it was not appealed to the GDOC Commissioner's Office, but it also did not address the failure to protect and denial of medical care claims at issue in this action. Additionally, as specifically set forth and shown by Defendants, Plaintiff's contentions that he was not aware of the grievance procedure and was unable to file grievances while placed in administrative segregation are disingenuous. Moreover, Plaintiff's purported documentation of the grievances he allegedly filed with Central State Prison does not evidence exhaustion of remedies and some of the documents reek of fraud.

Plaintiff provides no credible evidence to contradict the evidence provided by Defendants showing Plaintiff has not fully exhausted his administrative remedies. Plaintiff's claim that he sent an appeal of a denial of a formal grievance to the GDOC Commissioner's Office to which he never received a response lacks credibility. He proffers no evidence to rebut Defendant's evidence that Plaintiff never filed a formal grievance from which an appeal could have been taken. Simply filling out a grievance appeal form does not demonstrate that the appeal was filed. Additionally, Plaintiff's conclusory claim that he was denied to ability to file a grievance regarding his claims stemming from Central State Prison once he was transferred to Autry State Prison lacks credibility. As support for this contention, Plaintiff provides two informal grievance forms dated September 16, 2008, and November 16, 2008. However, Plaintiff provides no support that either of these forms was ever filed. Informal grievance forms are available to all inmates in the control rooms of their living units. These documents, without more, only demonstrate that Plaintiff has access to informal grievance forms, not that they were filed. Finally, Plaintiff's claim that grievances seeking monetary awards are exempt from the grievance procedure lacks merit. The Eleventh Circuit has explicitly held that inmates must "submit [their] claims for monetary and injunctive relief to the [prison's] available prison grievance program . . . before filing those claims in federal court." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998).

In his Objection, Plaintiff continues to claim that he has, in fact, fully exhausted his administrative remedies and reiterates some of the arguments contained in his previous pleadings, which have been addressed by this Court.  Defendants have conclusively established that Plaintiff has not properly exhausted the administrative remedies available for the claims at issue in this case.  Thus, Plaintiff's claims must be DISMISSED.  This Court agrees with the conclusions and reasoning of the Magistrate Judge and accepts the Report and Recommendation.

**SO ORDERED**, this 18th day of March 2010.

S/ C.  Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/apg